UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

YONGDA HUANG HARRIS,
    Plaintiff,

v.                                                         CIVIL ACTION NO. 15-10816-ADB

MICHAEL ROSENSTEIN and JEROD GINSBERG,
    Defendants.

## MEMORANDUM AND ORDER

For the reasons set forth below: (1) Plaintiff's motion (#2) for leave to proceed in forma pauperis is granted; (2) Plaintiff's motion (#2) to appoint counsel is denied without prejudice; and (3) Plaintiff's emergency motion (#6) is denied. If the plaintiff wishes to pursue this action, he must, within 35 days of the date of this Memorandum and Order, file an amended complaint. Failure to do so will result in dismissal of this action.

## BACKGROUND

On March 11, 2015, plaintiff Yongda Huang Harris ("Harris"), a resident of Boston, filed a pro se complaint against his former criminal defense attorneys in Beverly Hills, California. See Complaint ("Compl."), Docket No. 1. Harris seeks to file a "criminal complaint" against the defendant attorneys who were hired "to defend him and secure his release on bail in a federal criminal case in Los Angeles on October 6, 2012." Id. at p. 3. Harris alleges that "both men conspired to defraud, threaten and extort substantial sums of money from Mr. Harris' family all while utilizing the resources of the legal system to do so." Id. Harris seeks "to have the Court order a special independent prosecutor to investigate and prosecute these men for violations of federal criminal law." Id. He also seeks "financial compensation." Id.

The complaint is accompanied by an Application to Proceed Without Prepayment of Fees and Affidavit and Motion to Appoint Counsel. See Docket. A month after filing this action, on

April 10, 2015, Harris filed an emergency motion titled "Motion to Expedite Crime Victim Processing by the Court."  See Docket No. 6.

DISCUSSION

I.     Filing Fee

A litigant filing a complaint in this Court must either (1) pay the $350.00 filing fee and the $50.00 administrative fee[1], see 28 U.S.C. § 1914(a) ($350.00 filing fee for all non-habeas civil actions), or (2) file a motion for leave to proceed without prepayment of the filing fee.  See 28 U.S.C. § 1914 ($350.00 filing fee); § 1915 (proceedings in forma pauperis).  The standard in 28 U.S.C. § 1915(a)(1) for in forma pauperis ("IFP") eligibility is "unable to pay such fees or give security therefor."  The determination of what constitutes "unable to pay" or unable to "give security therefor," and, therefore, whether to allow a plaintiff to proceed IFP is left to the sound discretion of the district court based on the information submitted by the plaintiff.  Fridman v. City of New York, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), aff'd, 52 Fed. Appx. 157 (2d Cir. 2002) (citing Williams v. Estelle, 681 F.2d 946, 947 (5th Cir. 1982); Potnick v. Eastern State Hospital, 701 F.2d 243 (2d Cir.1983)).

In considering an application to waive the filing fee, "a court may consider the resources that the applicant has or "can get" from those who ordinarily provide the applicant with the "necessities of life," such as "from a spouse, parent, adult sibling or other next friend.""  Fridman v. The City of New York, 195 F. Supp. 534, 537(S.D.N.Y. 2002) quoting Williams v. Spencer, 455 F. Supp. 205, 208-09 (D. Md. 1978) (other citations omitted); see Zhu v. Countrywide

---

[1]The $50.00 administrative fee became effective May 1, 2013.  See Judicial Conference Fee Schedule.

Realty Co., 148 F. Supp. 2d 1154, 1156 (D. Kan. 2001) ("In a number of cases, courts have found that the income and assets of close family members are relevant to a determination of indigency...."); Monti v. McKeon, 600 F. Supp. 112, 114 (D. Conn. 1984) ("in ruling on motions to proceed in forma pauperis, other courts have considered the income of interested persons, such as spouses and parents, in evaluating the funds available to the movant"); Dycus v. Astrue, 2009 WL 47497, *2 (S.D. Ala. Jan. 7, 2009) ("The question ... is whether the litigant is 'unable to pay' the costs, and the answer has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend.") (citations omitted).

In his Application, Harris declares under the penalty of perjury that he has a part-time job in which he earns approximately $240 a week. Harris owns no property, has no savings and states that he pays his income to his mother for rent and living expenses. Although the Court may consider the assets of a parent in determining whether a litigant is indigent, and despite the fact that Harris' request was submitted on an older version of the Application form which fails to include information concerning monthly expenses, the Court will grant this motion based on Harris' current income and limited personal resources.

II.     The Court May Screen This Action

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of Section 1915. See 28 U.S.C. § 1915. A district court may dismiss a complaint filed in forma pauperis "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim. Neitzke v. Williams, 490 U.S. 319, 325

(1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b). In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claims are based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Although a pro se plaintiff such as Harris is entitled to a liberal reading of his allegations, even when such allegations are inartfully pled, see Haines v. Kerner, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir.2004), to be allowed to go forward, the complaint must still state a cognizable claim.

### III. The Complaint is Subject to Dismissal

The federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331. 1332, confer "federal question" and "diversity" jurisdiction, respectively.

As an initial matter, Harris asserts state law claims of fraud and legal malpractice concerning defendants' actions relative to the California criminal proceedings. The Court lacks independent subject matter jurisdiction over these state law claims. The complaint appears to allege that this Court has subject matter jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332. Under this statute, federal jurisdiction is available when a plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000.

Here, although the parties are alleged to be diverse, Harris has not satisfied the amount in controversy requirement by establishing that the minimum amount in controversy has been met.

Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 41 (1st Cir. 2012); Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001) ("as the party seeking to invoke jurisdiction, Spielman has the burden of showing that he has met the statutory requirements").

Moreover, Harris' complaint is fatally defective because he is asking the Court to initiate a criminal investigation, and bring criminal charges against the defendants. Such relief cannot be granted in this action, because federal courts are not authorized to conduct or compel criminal investigations. Under the Constitution, it is the Executive Branch of the federal government, and not the Judicial Branch, that is responsible for conducting criminal investigations, and bringing criminal charges, if warranted. The Constitution precludes the federal courts from interfering in these responsibilities of the Executive Branch. See United States v. Nixon, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); United States v. Smith, 231 F.3d 800, 807 (11th Cir.2000) ("The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced."), cert. denied, 532 U.S. 1019 (2001).

As a private citizen, Harris lacks a judicially cognizable interest in the federal prosecution or non-prosecution of another. See, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); accord Nieves-Ramos v. Gonzalez, 737 F. Supp. 727, 728 (D. P.R. 1990)(same). Section 547 of title 28 states, in relevant part, that "Except as otherwise provided by law, each United States attorney, within his district, shall – (1) prosecute for all offenses against the United States." 28 U.S.C. § 547 (1). Thus, Harris does not have standing to bring a criminal action in federal court because no statute authorizes him to do so. Kennan v. McGrath, 328 F.2d

5

610, 611 (1st Cir. 1964) (per curiam).

Finally, to the extent Harris seeks to bring a civil rights claim against the defendants, such a claim is subject to dismissal. A defense attorney, whether court-appointed or privately retained, represents only his client, not the state. Polk County v. Dodson, 454 U.S. 312 (1981). Thus, a defense attorney does not act under "color of state law," which is a critical element of a Section 1983 action. Since defendants Rosenstein and Ginsberg are not state actors, they may not be sued under 42 U.S.C. § 1983.

IV.   Conclusion

If Harris would like to pursue this action, he must file an amended complaint that cures the above-discussed deficiencies. As an amended complaint completely supercedes the original complaint, see ConnectU LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir.2008), Harris should repeat in an amended complaint any allegations in the original complaint underlying the claims in an amended complaint.

Any amended complaint filed must conform with the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules. The claims in a complaint [and amended complaint] must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A complaint [and an amended complaint] must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To be cognizable in federal court, the complaint must allege a federal question or diversity jurisdiction. The claims cannot be limited to purely state-law issues unless diversity jurisdiction is established. Again, this Court lacks authority to compel a criminal investigation or prosecution. The plaintiff must clearly state what each defendant

allegedly did and he must identify the causes of action he is bringing against each defendant. The Court's Local Rules mandate that typed complaints [and amended complaints] be double-spaced (except for the identification of counsel, title of the case, footnotes, quotations and exhibits). See Local Rule 5.1(a)(2).

## ORDER

Based upon the foregoing, it is hereby ORDERED:

1. Plaintiff's motion (#2) for leave to proceed in forma pauperis is granted.

2. Plaintiff's motion (#3) to appoint counsel is denied without prejudice.

3. Plaintiff's emergency motion (#6) is denied.

4. If the plaintiff wishes to pursue this action, he must, within 35 days of the date of this Memorandum and Order, file an amended complaint. Failure to do so will result in dismissal of this action.

SO ORDERED.

 May 4, 2015                                              /s/ Allison D. Burroughs
DATE                                                     ALLISON D. BURROUGHS
                                                         UNITED STATES DISTRICT JUDGE